UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| SEGUROS R. VASQUEZ, INC., <br><br> Plaintiff, <br><br> v. <br><br> CHRIS AGUIRRE and <br> MINDY R. AGUIRRE, <br><br> Defendants. | Civil Action No. TDC-19-1484 |

MEMORANDUM OPINION

Plaintiff Seguros R. Vasquez, Inc. ("Vasquez") has filed suit against Defendants Chris Aguirre and Mindy R. Aguirre (collectively, "the Aguirres") asserting a claim under the Lanham Act, 15 U.S.C. § 1051–1141n (2018), and related state tort claims. Presently pending before the Court is the Aguirres' Motion to Dismiss. The Court has reviewed the operative pleading and the briefs and finds no hearing necessary. D. Md. Local R. 105.6. For the reasons set forth below, Defendants' Motion will be DENIED.

BACKGROUND

Vasquez and the Aguirres are competitors in the insurance business in the Maryland, Virginia, and Washington, D.C. area. Vasquez asserts that it is the primary insurance provider for the Spanish-speaking community in that area and sells insurance products offered by a variety of companies. The Aguirres are insurance agents working for State Farm Insurance. Vasquez owns the trademark for the name "Seguros R. Vasquez, Inc.," and has been using that trademark in commerce since 2004. At some point, the Aguirres purchased "Seguros R. Vasquez, Inc." as a keyword for Google searches. As a result, as of May 29, 2019, Google searches for "seguros

vasquez" produced an advertisement, the text of which was in Spanish, with the headline: "Seguros R Vasquez Inc | StateFarm.com." A subsidiary headline identified the search result as an advertisement, listed the connected website as "es.statefarm.com," and included the Aguirres' telephone number. Clicking on the advertisement led to a State Farm website that, depending on the day, featured one or the other of the Aguirres. Other search results included similar advertisements with headlines such as: "Seguros R Vasquez | StateFarm.com" or "Seguros Vasquez | StateFarm.com." At no point did the Aguirres' obtain Vasquez's consent to use the "Seguros R. Vasquez, Inc." mark in advertisements or otherwise, and Vasquez asserts that as a result of the advertisement, it has seen a decrease in the number of new customers contacting it.

Vasquez filed suit in this Court against the Aguirres and State Farm Insurance. Vasquez then voluntarily dismissed its claims against State Farm Insurance and filed an Amended Complaint, asserting three causes of action: (1) an unspecified violation of the Lanham Act; (2) tortious interference with prospective advantage; and (3) unfair competition.

## DISCUSSION

In its Complaint, Vasquez pleaded a claim under the Lanham Act generally, without specifying whether its claim is one of trademark infringement or false advertising. The Aguirres, in their Motion, interpret the claim as one of trademark infringement. In its Opposition, Vasquez casts it instead as one of false advertising, an interpretation that is consistent with the language used in the Complaint. Assuming without deciding that these theories of liability are not mutually exclusive, and because the Aguirres address the false advertising theory of liability in their reply brief, the Court considers the Motion as to both theories of liability.

As to a Lanham Act trademark claim, the Aguirres assert that as a matter of law, purchasing a trademarked term as an advertising keyword is not a trademark violation, so this claim

2

necessarily fails. Relatedly, the Aguirres assert that Vasquez's tortious interference claim fails because the use of trademarked terms as Google ad keywords is not an action conducted with an unlawful purpose, one of the elements of the tort. As to a Lanham Act false advertising claim, the Aguirres assert that Vasquez has failed to plead adequate facts to show that the alleged misrepresentation was material, and that the claim is based on a flawed understanding of how users employ keyword searches. Lastly, the Aguirres argue that Vasquez's unfair competition claim fails because the allegations in the Amended Complaint are too conclusory to state a viable claim.

## I.     Legal Standard

To defeat a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the facts pleaded allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Legal conclusions or conclusory statements do not suffice. *Id.* The Court must examine the complaint as a whole, consider the factual allegations in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cty.*, 407 F.3d 266, 268 (4th Cir. 2005).

## II.    Lanham Act

### A.    Trademark Infringement

To state a claim for trademark infringement, a plaintiff must allege (1) that its mark was used in commerce by another without consent "in connection with the sale, offering for sale, distribution, or advertising of any goods," and (2) that the unauthorized use was likely to cause confusion. *See* 15 U.S.C. § 1114(1)(a). On the second element, the United States Court of Appeals for the Fourth Circuit has identified nine factors that courts may consider when

determining whether an allegedly infringing use of a trademark is likely to cause confusion: (1) the distinctiveness of the allegedly infringed mark, (2) the similarity of the new mark to the allegedly infringed mark, (3) the similarity of the goods or services that the marks identify, (4) the similarity of the facilities employed by the parties to transact their business, (5) the similarity of the advertising used by the parties, (6) the defendant's intention in adopting the same or similar mark, (7) actual confusion, (8) the quality of the defendant's product, and (9) the sophistication of the consuming public. *Sara Lee Corp. v. Kayser–Roth Corp.,* 81 F.3d 455, 463–64 (4th Cir. 1996).

Here, the Aguirres do not dispute that they used the "Seguros R. Vasquez, Inc." mark in commerce. They argue instead that their use of that mark as a Google keyword necessarily does not result in a likelihood of confusion, and thus, as a matter of law, Vasquez's trademark infringement claim fails. Although the Aguirres cite multiple cases in which courts have found a lack of likelihood of confusion from the use of another company's trademark as a Google keyword, the Fourth Circuit has found that the issue of likelihood of confusion on such a claim is a matter of fact, not law. In *Rosetta Stone, Ltd. v. Google*, 676 F. 3d 144 (4th Cir. 2012), the court reversed a district court's grant of summary judgment to Google on Rosetta Stone's claim of direct trademark infringement, which was premised on Google's policy to allow businesses, under certain circumstances, to use others' protected marks in purchased keywords and in the resulting Google advertisements. *Id.* at 152, 155. In so ruling, the court emphasized that on such a claim, the likelihood of confusion element is generally "an inherently factual issue that depends on the facts and circumstances in each case" and thus did not lend itself to resolution as a matter of law. *Id.* at 153 (citation omitted). Where the Fourth Circuit found that the likelihood of confusion arising from the use of trademarks as either keywords or terms in Google advertisements could not be resolved as a matter of law even on a full summary judgment record, it effectively concluded

4

that a claim of trademark infringement based on the use of the mark in a Google keyword cannot be dismissed as a matter of law at this early stage of the proceedings, before Vasquez has even been afforded an opportunity for discovery. *See id.* at 155.

*1-800 Contacts, Inc. v. Lens.com, Inc.*, 722 F.3d 1229 (10th Cir. 2013), relied upon by the Aguirres, is not to the contrary. In *1-800 Contacts*, Lens.com had purchased as Google keywords variations on the protected "1800Contacts" mark, but not the mark itself. *Id.* at 1237. The district court held that because, in its view, consumers cannot tell what specific keywords purchased by a competitor have led to certain advertisements, the use of another's protected mark as a keyword search term "could not result in a likelihood of confusion," such that there could be no viable trademark infringement claim. *Id.* at 1242. The United States Court of Appeals for the Tenth Circuit, while finding that "[t]his argument has some attraction," declined to adopt that conclusion, instead holding that 1-800-Contacts' direct infringement claim failed due to a lack of sufficient evidence demonstrating actual confusion. *Id.* at 1243. *1-800-Contacts* thus does not hold, as a matter of law, that no trademark infringement claim can be based on a defendant's use of a plaintiff's trademark as a keyword search term. *See id.*

Regardless of whether the use of a trademark as a purchased Google keyword could create a likelihood of confusion sufficient to support a trademark infringement claim, the Aguirres' argument fundamentally fails because the Complaint does not allege only that the Aguirres purchased and used as a keyword the trademark "Seguros R. Vasquez, Inc." Rather, Vasquez alleges that the trademark infringement arises from the use of that term in the text of the Google advertisement that appears in response to a search based on that keyword. The use of a trademark in a Google advertisement, not just as a keyword search term, plainly can support a Lanham Act trademark infringement claim. In *Rosetta Stone*, the Fourth Circuit denied summary judgment on

5

a claim that Google infringed on Rosetta Stone's trademark by permitting certain businesses to use the mark in its Google advertisements, which resulted in Rosetta Stone's mark being used by other companies in that manner. *See Rosetta Stone*, 676 F. 3d at 152-53, 155. Likewise, in *1-800-Contacts*, the Tenth Circuit denied summary judgment on 1-800 Contacts' separate claims of contributory trademark infringement based in part on Lens.com's failure to stop its affiliates from using 1-800-Contacts' protected mark in the text of the advertisements resulting from the keyword searches. *1-800-Contacts*, 722 F.3d at 1237, 1252–55. Where Vasquez's trademark infringement claim is based in part on the use of the "Seguros R. Vasquez, Inc." mark in the text of the advertisement shown after a keyword search, it states a plausible claim for relief. *See Rosetta Stone*, 676 F. 3d at 155; *1-800-Contacts*, 722 F.3d at 1254-55.

**B.  False Advertising**

To state a claim for false advertising, a plaintiff must allege that: (1) the defendant made a false or misleading description of fact or representation of fact in a commercial advertisement; (2) the misrepresentation is material, in that it is likely to influence the purchasing decision; (3) the misrepresentation actually deceives or has the tendency to deceive a substantial segment of its audience; (4) the defendant placed the false or misleading statement in interstate commerce; and (5) the plaintiff has been or is likely to be injured as a result of the misrepresentation, either by direct diversion of sales or by a lessening of goodwill associated with their product. *Scotts Co. v. United Indus. Corp.*, 315 F.3d 264, 272 (4th Cir. 2002). The contested statement may either be "false on its face" or "although literally true, likely to mislead and to confuse consumers given the merchandising context." *Id.* (quoting *C.B. Fleet Co. v. SmithKline Beecham Consumer Healthcare L.P.*, 131 F.3d 430, 434 (4th Cir. 1997)). If an advertisement is literally false, a party

can succeed on a false advertising claim without evidence of any consumer deception. *Id.* at 273 (internal citation omitted).

The Aguirres first assert that Vasquez's false advertising claim fails to state a plausible claim because it does not demonstrate that any misrepresentation is material. As an initial matter, the Aguirres misunderstand Vasquez's burden at this stage of the proceedings. Vasquez is not obligated to prove its case, only to allege it adequately. *Iqbal*, 556 U.S. at 678. The Amended Complaint easily clears this hurdle. Vasquez alleges not only that the Aguirres used the "Seguros R. Vasquez, Inc." mark as a keyword search term, but also that they used it in the text of the resulting advertisement next to the name of the State Farm website and the Aguirres' telephone number. Where Vasquez alleges, with the benefit of confirmatory screen shots, that the Aguirres have misidentified their own business, passing themselves off as Vasquez, a leading insurance provider in the Spanish-speaking community, the Court finds no merit in the argument that the alleged misrepresentations are not material and thus not likely to influence consumers. The Aguirres' argument that dismissal is also warranted because Vasquez has provided no proof of a likelihood to deceive or confuse consumers fails for two reasons. First, where Vasquez has alleged that it suffered a decline in the number of new customer inquiries beginning when the Aguirres began using Vasquez's name in its advertising, it is reasonable to infer that the advertisement deceived or confused consumers. At the pleading stage, before discovery, such an allegation is sufficient. Second, where the claim arguably is that the advertisement was literally false as to Vasquez's affiliation with State Farm and the Aguirres, no proof of actual consumer deception is required. *Scotts*, 315 F.3d at 273. Finally, the Aguirres' argument that there can be no false advertising because they cannot control where Google places their advertisement among the search results is wholly unpersuasive. While the prominence of the advertisement may affect damages,

7

the fact that the allegedly false advertisement appeared anywhere among the search results renders it actionable regardless of how its precise location was decided. In any event, as demonstrated by the attachments to the Amended Complaint, Vasquez's name appeared at or near the top of the search results on numerous occasions. The Aguirres' Motion will be denied as to the Lanham Act claims.

### III.   Tort Claims

The Aguirres' request for dismissal of the two state law tort claims also fails. As to tortious interference with prospective advantage, when a business relationship is not codified in a contract—such as between a business and its prospective customers—a defendant has a "broader right to interfere" with it than it would under a contract, on the theory that such interference is, from a different perspective, simply competition in the marketplace. *Macklin v. Robert Logan Assoc.*, 639 A.2d 112, 120 (Md. 1994). Thus where a defendant's purpose in interfering with a non-contractual business relationship is "at least in part to advance his interest in competing" with one of the parties, he is not liable in tort for that interference unless the defendant acts with "tortious intent" and by means which are themselves "wrongful." *Natural Design, Inc. v. Rouse Co.*, 485 A.2d 663, 676 (Md. 1994) (quoting Restatement (Second) of Torts, § 768). In this context, wrongful conduct is "incapable of precise definition," but examples include the use of violence, intimidation, injurious falsehood or fraud, or violations of criminal law. *Id.* For the conduct to be wrongful for purposes of the tort, it must be "conduct that is independently wrongful and unlawful, quite apart from its effect on the plaintiff's business relationships." *Alexander & Alexander Inc. v. B. Dixon Evander & Assoc.*, 650 A.2d 260, 271 (Md. 1994).

Similarly, to state a claim for unfair competition, a plaintiff must allege that "a defendant damaged or jeopardized his or her business 'by fraud, deceit, trickery, or unfair methods.'" *Berlyn*

8

*Inc. v. The Gazette Newspapers, Inc.*, 73 F. App'x 576, 585 (4th Cir. 2003) (quoting *Balt. Bedding Co. v. Moses,* 34 A.2d 338 (Md. 1943)). "This necessarily precludes the trading by one dealer upon the good name and reputation built up by another," including "[f]alse and misleading advertising." *Balt. Bedding Co. v. Moses,* 34 A.2d 338, 342, 345 (Md. 1943).

Here, Vasquez alleges that the Aguirres have deliberately and falsely advertised themselves using Vasquez's trademark in an effort to poach Vasquez's customers. Accepting those allegations of false or fraudulent conduct as true, *Albright*, 510 U.S. at 268, Vasquez has adequately alleged that the Aguirres have engaged in independently wrongful conduct that interferes with Vasquez's prospective economic advantage, and that they have engaged in fraud, deceit, or trickery that amounts to unfair competition. The Aguirres' Motion to Dismiss will be denied as to the tort claims as well.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss will be DENIED. A separate Order shall issue.

Date: June 24, 2020               /s/ *Theodore D. Chuang*
                                  THEODORE D. CHUANG
                                  United States District Judge